

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DENNIS EDWARD RAYNER,<br>EVEN BETTER LOGISTICS, LLC, and<br>MICHELLE CORA CROOM, | §<br><br>§ | No. 08-20-00145-CV |
| Appellants, | §<br> | Appeal from the |
| v. | §<br> | 353rd District Court |
| RONNIE CLAXTON and<br>SANDRA CLAXTON, | §<br>§ | of Travis County, Texas |
| Appellees. | §<br> | (TC# D-1-GN-19-000281) |

## CONCURRING AND DISSENTING OPINION

I concur in part and dissent in part. I agree with the majority's conclusions with one notable exception, which I discuss more fully. Differing from the majority, I would conclude there is sufficient evidence that EBL's independent acts of ordinary negligence caused Claxton's injuries, thus supporting the jury's finding of joint and several liability and the award of compensatory damages. For this reason, I disagree with the majority's conclusion number "2," which reverses the trial court's judgment and renders judgment in favor of EBL regarding any individual acts of negligence. I would affirm the judgment holding EBL directly liable for negligence and awarding compensatory damages in favor of the Claxtons.

To prevail on their negligent maintenance claim, the Claxtons had to prove that EBL failed to properly maintain its vehicle, and that such failure proximately caused Claxton's injuries. *Serv-Air, Inc. v. Profitt*, 18 S.W.3d 652, 657 (Tex.App.—San Antonio 1999, pet. dism'd by agr.). The majority concludes the evidence showed EBL clearly breached its duty of care owed to the Claxtons; and it was foreseeable that the poorly maintained vehicle, with several out-of-service violations, would pose a dangerous hazard to other drivers on the road such that it could cause accidents and even loss of life. Despite these conclusions, the majority ultimately concludes that, although it was a foreseeable risk of harm, EBL's failure to maintain its vehicle was not the cause-in-fact of Claxton's injuries.

Here, the jury was instructed on the definition of proximate cause:

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence or some similar occurrence might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

As the ending line of the instruction states, there can be more than one proximate cause of an occurrence. It is well recognized that "[t]here can be concurrent proximate causes of an accident." *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). To be the proximate cause of an injury, the actor's breach need not be the last cause or even the cause committed immediately preceding the injury. *Gregory v. Chohan*, 615 S.W.3d 277, 295 (Tex.App.—Dallas 2020, pet. filed). Rather, "[a]ll persons whose negligent conduct contributes to the injury, proximately causing the injury, are liable." *Travis*, 830 S.W.2d at 98.

Unlike the majority, I agree with Appellees' argument that Rayner's negligent acts were simply a continuing and cooperating cause of the injuries sustained by the Claxtons, along with

2

EBL's original acts of negligence. In other words, EBL's failure to maintain the vehicle coexisted with the additional acts of Rayner such that EBL cannot excuse its own negligence by pointing solely at Rayner as a new and independent cause of the injuries. Here, Rayner's negligent driving was one proximate cause of the crash, acting concurrently with another cause: that is, EBL's failure to maintain a safe vehicle. *See Travis*, 830 S.W.2d at 98.

There is no dispute that EBL should never have allowed Rayner to leave their yard with the vehicle having deficiencies including a defective brake and several worn tires. Officer Flippin testified he had noted seven out-of-service violations, explaining they were "serious or hazardous enough that a vehicle cannot be allowed or should not be allowed to continue down the highway." Rayner's negligence was not a new or independent cause that intervened between EBL's breach and Claxton's injuries such as to disrupt the chain of causation. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97–98 (Tex. 2016). Rayner taking a wrong route or failing to pull over or turn around only contributed to the already existing danger created by EBL's conduct.

The majority concludes, because there was no expert or lay testimony evidencing when Rayner applied the brakes, "the jury would have to make assumptions about the timeline of the accident that were not developed at trial and which the evidence directly contradicts." I disagree that such testimony was needed for Claxton to otherwise establish that EBL's negligence had operated concurrently with Rayner's negligence. Based on the instruction given to the jury on proximate cause, and the deference we are required to give to jury findings, I would conclude the evidence was sufficient to support the jury's verdict. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000)(holding we must view the evidence in the light most favorable to the verdict in the context of the unchallenged definitions and instructions submitted to the jury); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)(holding appellate courts may not

3

substitute its judgment for the fact finder's, even if it would reach a different answer on the evidence). Here, the evidence was sufficient for the jury to determine within a reasonable degree of probability that Claxton's injuries would not have occurred but for EBL's negligence. *See Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970).

Lastly, the Appellants did not present a complaint, at trial or on appeal, on the broad-form of the jury charge. Rather, Appellants ask this Court to render a take-nothing judgment on all direct liability claims but to remand for a new trial on all surviving, vicarious liability claims. (ant br,38) However, because I would conclude the evidence was sufficient to support an affirmative finding of EBL's negligence through a negligent maintenance theory, I would affirm the trial court's judgment against EBL on direct negligence. I otherwise agree with the majority's conclusion to reverse and render a take-nothing judgment as to the claims against Croom, the gross negligence claim against EBL, and the gross negligence claim against Rayner.


GINA M. PALAFOX, Justice

August 31, 2022